Cuma per
Nott, J.
The land in question was .sold by the Commissioner in Equity pursuant to an order of that Court, and I take it to be a well settled rule that the law never implies a warranty on the part of any-person acting merely as its organ for the purpose of transferring property from one hand to another. A public officer is never liable under such circumstances unless he makes himself so by an express warranty, which he is never required to *436 make, or by some misrepresentation, as where both purities are misled by an intentional misrepresentation or mistake. Such was the ease of the State vs. Gaillard and others, 2 Bay’s Sep. 11. That was anaetion of debt on a bond given to the State for lands sold by the Commissioner of forfeited estates under the confiscation act.— • It appeared that at the sale a plat was produced which the Commissioner supposed to be correct, that represented the tract of land to contain five hundred acres more than were included in the grant and to contain a valuable mill seat, which was equally untrue and which was the principal object of the purchase. The Court held that such a misrepresentation furnished a good ground of defence, either for a deduction or for a rescission of the contract. So in the case of Tunno and Fludd, 1 M'Cord, 121, where a plat was exhibited at tbe time of sale representing the tract of land as containing 547 acres, which upon re-survey was found to contain only 460, the surveyor having made a mistake in the length of some of the lines, the Court allowed a deduction to be made pro tanto on account of the misrepresentation, although the land was sold by the Commissioner in Equity under an order of that Court; but I do not think that such a defence has ever been sustained where íhé land was sold in gross and the number of aeres mentioned merely as a part of the description, without any warranty or representation by which the purchaser has been misled. The description of the land in this case is u a tract or plantation of land said to contain four hundred and forty nine acres more or less ” The situation of the land was truly described, but no such description of the precise number of acres was given as was calculated to deceive the purchaser. The quan'iiy was hypothetically represented and the purchaser left to obtain such further information on the subject as he might think necessary. 1 *437 am of opinion therefore that he must have purchased at his own risk. If the deficiency had been so great as to have amounted to a failure of consideration or to have defeated the great object of the purchaser, - or to have furnished clear and satisfactory evidence- of a total mistake in the character of the land I think the defendant would have been entitled to relief. But none of those grounds exist in this case.
There are other reasons why .too easy an ear ought not tobe lent to a defence of this sort in cases of public sales, In the first place the officer selling is not supposed to be better acquainted with the property than the purchaser, and in most eases not so well, having .neither .the means nor the inducement to obtain such information. Secondly, property thus sold is most frequent for the benefit of iamilies, many of whom are minors, and who thereforo receive their proportions as the installments become due where the ■ payn nts are made in that way which is most usually required The elder distributees therefore who receive the dividends out of the cash payments, receive their full-proportions, -while the whole loss by subsequent deductions may fall 'altogether upon those -who are the least able to sustain it. There is another reason for not favouring such á defence.' It is not unusual to see a good deal of competition at such sales. A deduction, therefore, afterwards made is ..not uiifre-quently allowed to the last bidder, which another perhaps might not have required. I think that the jury might have allowed a'deduction for the part of -the land which had been previously sold. ' But beyond that I am of opinion they ought not to have gone. ■ A new trial must therefore be granted. ’ Neio trial granted.